### BALDERSON v. UNITED STATES.

### LEUPOLD v. SAME.

Circuit Court of Appeals, Eighth Circuit.
March 19, 1928.

Nos. 7825, 7826.

Conspiracy ⟐47—Evidence held to warrant conviction for conspiracy to possess and transport intoxicating liquor (Cr. Code, § 37 [18 USCA § 88]; National Prohibition Act, tit. 2 [27 USCA § 4 et seq.]).

In prosecution under Criminal Code, § 37 (18 USCA § 88), for conspiracy to violate National Prohibition Act tit. 2 (27 USCA § 4 et seq.), by unlawfully transporting and possessing intoxicating liquor, evidence held sufficient to warrant conviction.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Eric Balderson and Ira Leupold were separately tried and convicted of conspiracy to violate the National Prohibition Act, and they separately bring error. Affirmed.

Daniel Horrigan, of Omaha, Neb., for plaintiffs in error.

James C. Kinsler, U. S. Atty., of Omaha, Neb. (Ambrose C. Epperson and George A. Keyser, Asst. U. S. Attys., both of Omaha, Neb., William J. Froelich, Asst. U. S. Atty., of O'Neill, Neb., and Philip M. Aitken, Asst. U. S. Atty., of Lincoln, Neb., on the brief), for the United States.

Before WALTER H. SANBORN and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. Eric Balderson and Ira Leupold were charged by indictment, and separately tried, convicted, and sentenced, for a violation of section 37 of the Criminal Code (USCA, tit. 18, § 88).

The assignments of error present one question: Did the court err in overruling the motions at the close of the evidence in each case for a directed verdict upon the ground that such evidence was insufficient to support a verdict of guilty?

The indictment charged that the defendants on the 6th day of January, 1926, unlawfully conspired together to commit an offense against the United States of America, to wit, to violate title 2 of the National Prohibition Act (27 USCA § 4 et seq.). It further charged that the defendants, on the 7th day of January, in the city of Lincoln, Lancaster county, Nebraska, in pursuance of such unlawful conspiracy, and to effect the object thereof, did unlawfully possess certain intoxicating liquor, to wit, 13 quarts of alcohol; did unlawfully transport intoxicating liquor, to wit, 13 quarts of alcohol; did unlawfully possess intoxicating liquor, to wit about one quart of alcohol; and did unlawfully transport intoxicating liquor, to wit, about one quart of alcohol.

The evidence on the part of the government showed that on a number of occasions prior to January 7, 1926, the government's witness, Henry Knippel, who was a tinner, at the request of one or the other of the defendants, had removed the flat top of certain 5-gallon tin containers, soldered an ordinary quart tin can immediately underneath the screw top opening in the top of such containers, filled the containers with water to within about one quart of their capacity, and then soldered the tops with the quart tin cans attached thereto back on the containers; that prior to January 7, 1926, the defendant Leupold brought 13 of such 5-gallon tin containers to Knippel's shop in Lincoln and requested him to make like changes in such containers; that on the morning of January 7, 1926, both defendants came to the shop;

that Knippel had theretofore changed 8 of such containers, but, due to the freezing weather, had opened them up and removed the water; that defendants told him they would have to have the containers at once or they would lose a sale; that he worked through the noon hour and until about 1 o'clock fixing the containers, and that defendants then took them away. The evidence on the part of the government further showed that certain state officers were watching the tin shop; that they observed the defendants carry the containers from the tin shop and place them in an automobile; that the defendants then left in such automobile; that the officers followed them to an alley near Eighteenth and L streets, in Lincoln; that when the defendants reached the alley they got out of the automobile and walked over to a garage on such alley; that later they returned to the automobile and drove away; that the officers observed them about 2 o'clock in the afternoon return in such automobile to the garage; that the defendants drove into the garage and remained therein about 20 or 25 minutes; that they then backed the automobile out of the garage; that the defendant Balderson locked the garage door with a padlock; that the defendants then left in the automobile; that the officers followed them a short distance, arrested them, and found in the automobile a glass jug and funnel; that the glass jug contained a quantity of alcohol; that the officers then returned to the garage, broke into the same, and found 13 5-gallon tin containers with a small tin can soldered underneath the screw top opening in each of them; that they closely resembled in appearance the containers that the defendants had taken from the tin shop; that the small quart cans contained alcohol; that the balance of the 5-gallon containers contained water; that the officers also found a 1-gallon tin can containing a small amount of alcohol; that the odor of alcohol was very perceptible in and around the garage. Knippel examined the containers found in the garage and testified that he had soldered the small cans underneath the opening in the tops thereof.

The government also introduced the evidence of a chemist who testified that he had analyzed the contents of 4 of the quart cans soldered underneath the top of the 5-gallon containers and of the 1-gallon tin container found in the garage, and of the glass jug taken from the automobile, and testified that each contained ethyl or grain alcohol.

We are of the opinion that the jury was warranted in finding from this evidence beyond a reasonable doubt that the defendants had entered into a conspiracy to possess, transport, and sell intoxicating liquor, to wit, alcohol, contrary to the provisions of the National Prohibition Act, and that on the 7th day of January, in pursuance of such conspiracy and to further the objects thereof, they committed the overt acts charged in the indictment. We find no error in the records.

The judgments are therefore affirmed.